**UNITED STATES of America,**
**Appellant,**

**v.**

**FEDERAL EMPLOYEES' DISTRIBUT-**
**ING COMPANY, Appellee.**

**No. 18321.**

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1963.

Rehearing Denied Oct. 24, 1963.

**892**

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Ralph A. Muoio, and Gilbert Andrews, Attys., Dept. of Justice, Washington, D. C., and Francis C. Whelan, U. S. Atty., Walter S. Weiss, Asst. U. S. Atty., Chief, Tax Section, and Thomas H. McPeters, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Butterworth & Smith, and Edward L. Butterworth, and Deibert, Kumler, Burford & Green, Los Angeles, Cal., for appellee.

Before ORR, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

This action involves federal income taxes and statutory interest for the period July 1, 1956, to December 31, 1956, in the amount of $46,171.47 and for the calendar year 1957 in the amount of $107,583.94. The United States District Court for the Southern District of California awarded a judgment in favor of the taxpayer [1] and the government has appealed therefrom.

Federal Employees' Distributing Company (appellee herein), a California nonstock membership corporation which issues memberships chiefly to government employees, was engaged in the sale of consumer goods at discounted retail prices to its members and their guests at five locations in Southern California during the period in question. In return for a fee of two dollars, each qualified applicant received a non-assessable and non-transferable life membership certificate entitling him to enter appellee's premises and make purchases at a discount. The issue before the district court was whether the fees were paid in exchange for "stock", within the meaning of that term as used in section 1032 of the Internal Revenue Code of 1954. The district court concluded that the membership certificates did represent "stock" for the purpose of section 1032.

The issue presented in this case is the same as that presented in Affiliated Government Employees' Distributing Co. v. Commissioner of Internal Revenue, 9 Cir., 322 F.2d 872. While there are a few factual differences between that case and the instant one,[2] the differences are not substantial and would not justify different results in the two cases. For the reasons stated in *Affiliated*, therefore, we conclude that the fees in this case were not paid in exchange for stock and constituted taxable income to appellee.

The judgment of the district court is reversed and the case is remanded for entry of judgment in favor of appellant.

---

1. See 206 F.Supp. 330 (D.C.Cal.1962).

2. For example, under appellee's by-laws a member was entitled, upon his request, to a refund upon resignation of his membership; in the event of a member's death, a refund was made, upon request of the deceased member's executor or administrator, to the member's estate. Prior to November 17, 1956, Affiliated Government Employees' Distributing Company's by-laws also provided for a refund of the membership fee upon the resignation or death of a member. On and subsequent to that date, however, refunds were left to the discretion of Affiliated's board of directors.

Another factual difference that was noted is that appellee has paid a federal excise tax on the issuance of its memberships, whereas it would appear that Affiliated has not paid this tax.